IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dana Reidy, | : | |
| | : | Case No. 1:06-CV-249 |
| Plaintiff, | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Cyberonics, Inc., | : | ORDER GRANTING DEFENDANT'S |
| | : | MOTION TO STAY LITIGATION |
| Defendant. | : | PENDING ARBITRATION |

This matter comes before the Court on Defendant Cyberonics, Inc.'s Motion to Stay
Litigation Pending Arbitration (doc. 17, hereinafter "Motion to Stay Litigation").  Plaintiff Reidy
brings this action alleging sex discrimination against her former employer, Defendant
Cyberonics.  Defendant moves to stay the entire action pending mandatory arbitration pursuant
to contract.  Plaintiff opposes Defendant's motion, arguing (1) that Defendant waived any right
to arbitration by actively participating in the instant suit, and (2) that the arbitration clause at
issue does not cover all of Plaintiff's claims.  For the reasons that follow, the Court **GRANTS**
Defendant's motion.

I.      **BACKGROUND**

        The instant dispute stems from Plaintiff's employment with and subsequent termination
from Defendant Cyberonics.  When Reidy accepted a position with Cyberonics on March 5,
2003, she signed a Letter Agreement by which she agreed to submit all disputes concerning the
termination of her employment to binding arbitration.  Specifically, the agreement provides: "In
the unlikely event of a dispute concerning the termination of your employment, you and the
Company agree to submit the matter to binding arbitration under the then current rules of the

1

American Arbitration Association." (Pethtel Aff. ex. A at 2.) Reidy worked for Cyberonics until her termination on February 7, 2006. During the last year of her employment with Cyberonics, Reidy became pregnant. According to Reidy, when she told Cyberonics she was pregnant the company revoked her recent promotion and placed her on a performance improvement plan. Several months later, Cyberonics terminated her.

Reidy filed suit against Cyberonics on March 23, 2006 in the Hamilton County, Ohio Court of Common Pleas, alleging that Defendant had discriminated against her because of her sex, and asserting claims for wrongful termination and failure to promote in violation of Chapter 4112 of the Ohio Revised Code. Defendants removed the action to this Court on April 28, 2006. Defendant filed its answer an May 3, 2006. Subsequently, the parties submitted a joint discovery plan. On August 3, 2006, the Court issued an order identifying dispositive motion deadlines and setting a discovery cutoff date of March 1, 2007 and a trial date of September 4, 2007.

On December 7, 2006, Defendant Cyberonics filed the instant Motion to Stay Litigation, arguing for the first time that Plaintiff's claims were subject to the arbitration clause contained in the parties' Letter Agreement and asking the Court to stay this litigation pending arbitration of Plaintiff's claims. Plaintiff responds that Defendant waived any right to arbitration that the Letter Agreement may have conferred by failing to raise the arbitration clause as a defense to Plaintiff's claims at an earlier time. Plaintiff alternatively claims that even if Defendant has not waived its right to seek arbitration, Plaintiff's failure to promote claim does not fall within the scope of the arbitration clause and must remain before this Court. The Court addresses both issues below.

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted to counteract the hostility of American courts to the enforcement of arbitration agreements.  See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001).  It manifests a liberal federal policy favoring arbitration.  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991).  The FAA instructs district courts to grant motions to stay proceedings in favor of arbitration in certain circumstances:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.

Courts must make four threshold determinations when considering a motion to stay due to an arbitration provision: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement; (3) whether Congress intended for any federal statutory claims asserted to be nonarbitrable; and (4) if only some claims are arbitrable, whether to stay the remainder of the action pending arbitration.  See Fazio v. .Lehman Bros., Inc., 340 F.3d 386, 392 (6th Cir. 2003); Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000).  All doubts concerning arbitrability should be resolved in favor of arbitration.  See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); Fazio, 340 F.3d at 392.  Piecemeal litigation may be necessary to give effect to the terms of an arbitration agreement.  See Moses H. Cone Memorial Hosp., 460 U.S. at 20; Orcutt, M.D. v. Kettering Radiologists, Inc., 199 F. Supp. 2d 746, 750 (S.D. Ohio 2002).

The language of the arbitration agreement defines the scope of disputes subject to

arbitration. See E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002). The FAA contemplates that, where an arbitration provision is found to be binding, proceedings in federal court will be stayed pending the arbitration as opposed to dismissed. See Raasch v. NCR Corp., 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003) (interpreting 9 U.S.C. § 3).

The Supreme Court and the Sixth Circuit have held that "agreements to arbitrate employment disputes as a condition of employment are generally enforceable under the [FAA]." McMullen v. Meijer, 355 F.3d 485, 489 (6th Cir. 2004). Judicial protection of pre-dispute arbitration agreements "extends to agreements to arbitrate statutory employment discrimination claims." Id.

## III.    ANALYSIS

### A.    Waiver

Plaintiff does not dispute the validity of the parties' arbitration agreement. Instead, Plaintiff argues Defendant waived its right to seek arbitration by actively participating in litigation of Plaintiff's claims before this Court for eight months without raising the arbitration issue. Responding, Defendant maintains that it has not waived its right to seek arbitration under the Letter Agreement and that, in any case, the issue of waiver is a matter for the arbitrator, not the Court, to decide. Accordingly, Defendant argues that Plaintiff's claims should be submitted to arbitration even if questions remain about the waiver issue.

Courts generally consider the question of arbitrability to be an issue for judicial determination unless the parties clearly provide otherwise. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). The Supreme Court noted in Howsam that the types of disputes qualifying as questions of arbitrability involve "the kind of narrow circumstance where

4

contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." Id. at 83-84. The Court distinguished such gateway disputes from procedural questions, stating that "'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." Id. at 84 (internal quotations omitted). The Court did not explore in detail where the question of waiver fit into this framework, but suggested in dicta that there exists a "presumption [] that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." Id. (citing Moses H. Cone Memorial Hosp., 460 U.S. at 24-25).

Despite the Supreme Court's decision in Howsam, several lower courts have remained reluctant to submit certain waiver issues to arbitrators.[1] Both the First and Fifth Circuits have explicitly held that despite the Supreme Court's statement in Howsam, the specific type of waiver dispute at issue in this case – one involving an allegation of waiver due to litigation conduct – should be determined by a judge rather than an arbitrator. See Marie v. Allied Home Mort. Corp., 402 F.3d 1, 11 (1st Cir. 2005); Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am., 97 Fed. Appx. 462, 464 (5th Cir. 2004); but see National Am. Ins. Co. v. Transamerica Occidental Life Ins. Co., 328 F.3d 462, 466 (8th Cir. 2003) (determining without significant

---

[1] Indeed, many lower courts continue to treat the issue of waiver as a matter for judicial determination without significant discussion on the matter. See Carbajal v. Household Bank, FSB, No. 00-C-0626, 2003 WL 22159473, at *9 (N.D. Ill. Sept.18, 2003); Systran Fin. Svc. Corp. v. Giant Cement Holding, Inc., 252 F. Supp. 2d 500, 506 (N.D. Ohio 2003).

discussion that the issue of waiver is one for the arbitrator to decide).

The First Circuit engaged in extensive analysis regarding this question in <u>Marie</u>, 402 F.3d at 11-15.  There the court discussed several bases for its determination that waiver by conduct should remain a consideration for the courts.  First, the court noted that the FAA permits courts to stay an action pending arbitration only if "the applicant for the stay is not in default in proceeding with such arbitration," 9 U.S.C. § 3, and courts have generally viewed parties who have waived their rights to arbitration as being in default.  <u>Id</u>. at 12-13 (citing <u>Patten Grading & Paving, Inc. v. Skanska USA Bldg. Inc.</u>, 380 F.3d 200, 204-05 (4th Cir. 2004); <u>Ivax Corp. v. B. Braun of Am., Inc.</u>, 286 F.3d 1309, 1316 n. 17 (11th Cir. 2002); <u>MicroStrategy, Inc. v. Lauricia</u>, 268 F.3d 244, 249 (4th Cir. 2001); <u>County of Middlesex v. Gevyn Constr. Corp.</u>, 450 F.2d 53, 56 n. 2 (1st Cir. 1971)).  Accordingly, the court determined that under the terms of the FAA, the waiver issue is a gateway question that courts must address to determine whether the party seeking the stay is in default.

The <u>Marie</u> court next discussed the Revised Uniform Arbitration Act of 2000 ("RUAA"), which the <u>Howsam</u> court relied on for the proposition that on questions of arbitrability, procedural issues are generally for the arbitrator while substantive issues are generally for the court.  <u>See</u> <u>id</u>. at 13; <u>Howsam</u>, 537 U.S. at 84-85 (citing RUAA § 6(c), cmt. 2, 7 U.L.A. 12-13 (Supp. 2002)).  Recognizing the RUAA's general pronouncement, the First Circuit pointed to another comment in the same section of the RUAA that treats waiver as an issue for judicial determination: "Waiver is one area where courts, rather than arbitrators, often make the decision as to enforceability of an arbitration clause."  RUAA § 6(c), cmt. 5, 7 U.L.A. 16 (Supp. 2004).

Finally, the <u>Marie</u> court noted several policy considerations prompting it to conclude that

6

courts, rather than arbitrators, should continue to determine issues of waiver due to litigation

related activities:

> Where the alleged waiver arises out of conduct within the very same litigation in which the party attempts to compel arbitration or stay proceedings, then the district court has power to control the course of proceedings before it and to correct abuses of those proceedings.
> Also, the comparative expertise considerations stressed in Howsam [] argue for judges to decide this issue.  Judges are well-trained to recognize abusive forum shopping. . . . Further, the procedural waiver issue is not likely to be intertwined with the merits of the dispute.
> Finally, sending waiver claims to the arbitrator would be exceptionally inefficient. A waiver defense is raised by one party to a lawsuit in response to another party's motion to compel arbitration or stay judicial proceedings on the basis of an arbitration agreement signed by the parties. If the arbitrator were to find that the defendant had waived its right to arbitrate, then the case would inevitably end up back before the district court.

Marie, 402 F.3d at 13 (internal citations omitted).

Neither the Supreme Court nor the Sixth Circuit has spoken directly to this issue.

However, another court in this district recently followed the First Circuit in determining that the

issue of waiver due to litigation conduct was a question for the court.  See Konica Minolta Bus.

Solutions, U.S.A., Inc. v. Allied Office Prods., Inc., No. 2:06-cv-71, 2006 WL 3827461, at *10

(S.D. Ohio Dec. 27, 2006) (J. Graham).  This Court likewise finds the First Circuit's analysis to

be persuasive and holds that the waiver issue in this case is for the Court to decide.

Having determined that threshold issue, the Court now looks to whether Defendant's

active participation in the instant litigation is sufficient to constitute a waiver of its right to seek

arbitration under the Letter Agreement.  A party can waive its right to arbitration "when the

party actively participates in litigation or acts inconsistently with its rights to proceed with

arbitration." Uwaydah v. Van Wert County Hosp., 246 F. Supp. 2d 808 (N.D. Ohio 2002).  Due

to the FAA's strong presumption in favor of arbitration, waiver of the right to arbitration is not to

be lightly inferred. O.J. Distrib. Inc. v. Hornell Brewing Co., 340 F.3d 345, 355 (6th Cir. 2003).

In determining whether waiver has occurred, courts may look at the following factors:

> 1) filing responsive pleadings while not asserting a right to arbitration; 2) filing pretrial motions; 3) engaging in extensive discovery; 4) using discovery methods not available in arbitration; 5) litigating issues on the merits; 6) the length of delay in invoking an arbitration right and seeking a stay; 7) the proximity of the trial date; 8) the prejudice to the opposing party; and 9) whether the party has filed a counterclaim.

Konica Minolta Business Solutions, U.S.A., Inc., No. 2:06-cv-71, 2006 WL 3827461, at *11.

Courts disagree as to the importance of the prejudice factor. Some courts treat prejudice as one of many factors that courts may consider,[2] while others treat it as a determinative factor, requiring the party opposing arbitration to demonstrate prejudice.[3] The Sixth Circuit has not directly addressed this issue. In earlier cases, the Sixth Circuit placed little or no emphasis on prejudice to the opposing party when determining waiver issues. See American Locomotive v. Gyro Process Co., 185 F.2d 316, 320 (6th Cir. 1950) (focusing not on prejudice, but rather on

---

[2] See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995) ("To establish a waiver of the contractual right to arbitrate, a party need not show that it would be prejudiced if the stay were granted and arbitration ensued."); Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1489 (10th Cir.1994) (listing prejudice as one of six factors that courts should consider); National Found., for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 777 (D.C. Cir.1987) ("This circuit has never included prejudice as a separate and independent element of the showing necessary to demonstrate waiver of the right to arbitration.")

[3] See Rush v. Oppenheimer, 779 F.2d 885, 887 (2d Cir. 1985) ("[W]aiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated."); PaineWebber, Inc. v. Faragalli, 61 F.3d 1063, 1069 (3d Cir. 1995) ("Prejudice is the touchstone for determining whether the right to arbitration has been waived."); Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990); Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986) (adopting the following test for determining waiver: 1) knowledge of an existing right to compel arbitration; 2) acts inconsistent with that right; and 3) prejudice to the opposing party resulting from the inconsistent acts).

whether the party seeking to enforce its right to arbitration acted inconsistently with that right);

Germany v. River Terminal Ry. Co., 477 F.2d 546, 547 (6th Cir. 1973).  However, in more

recent cases, the Sixth Circuit has treated prejudice as a significant factor.  See General Star Nat.

Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir. 2002) (stating that "a

party may waive the right [to arbitration] by delaying its assertion to such an extent that the

opposing party incurs actual prejudice");  Mantaline Corp. v. PPG Industries, Inc., No. 97-4473,

2000 WL 799337, at *4 (6th Cir. June 8, 2000) (stating that "prejudice to the opposing party is a

significant factor in" determining whether the right to arbitration has been waived).

The Southern District of Ohio has likewise treated prejudice as a significant factor.  See

In re H & M Charters, Inc. v. Reed, 757 F. Supp. 859, 865 (S.D. Ohio 1991) ("Prejudice and

delay are significant factors the court must consider in applying the default provisions of section

3 of the Federal Arbitration Act.").  In 2003, one court in the District adopted the Ninth Circuit's

approach to waiver, requiring the party opposing arbitration to demonstrate prejudice.  Pritchard

v. Dent Wizard International Corp., 275 F. Supp. 2d 903, 916 (S.D. Ohio 2003) (J. Marbley)

(quoting Fisher, 791 F.2d at 694).  However, Pritchard appears to be an anomalous case.  In a

more recent decision, a different court within this District returned to the earlier approach,

treating prejudice not as a pivotal factor, but rather as one of nine factors that a court may

examine.  Konica Minolta Business Solutions, U.S.A., Inc.,  No. 2:06-cv-71, 2006 WL 3827461,

at *11 (J. Graham).  The Northern District of Ohio similarly holds that prejudice is not a

determinative factor in the waiver analysis.  See Uwaydah, 246 F. Supp. 2d at 812 (treating "the

issue of prejudice as a factor, but not as an exclusive factor in determining waiver"); Systran

Financial Services Corp., 252 F. Supp. 2d at 506 (treating prejudice as a significant factor but

stating that the "essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.").  Viewing these cases in their entirety, the Court finds the soundest and most consistently applied approach to be that prejudice is a significant but not a dispositive factor.

With this in mind, the Court examines Defendant's participation in the instant case to determine whether Defendant impliedly waived its right to arbitration. Plaintiff argues that Defendant acted inconsistently with its right to arbitration by: (1) filing an answer without asserting a right to arbitration; (2) participating in a preliminary scheduling conference and submitting a joint plan for litigation, again without raising any right to arbitration; and (3) engaging in extensive discovery, through which the parties exchanged thousands of documents.

Plaintiff cites the following passage in Central Trust Co., N.A. v. Anemmostat Products Division for the proposition that the filing of a responsive pleading omitting the defense that the plaintiff's claims are subject to arbitration constitutes a waiver:

> The right to arbitrate can be waived like any other contract right.  The filing of a responsive pleading would constitute such a waiver.  The filing of a complaint is notice to a defendant that the plaintiff is refusing to arbitrate.  At that point, or within a reasonable time thereafter, defendant must decide whether to proceed to trial or invoke Sections 3 or 4 of the Arbitration Act.  A substantial participation in litigation would result in prejudice to the opposing party.

621 F. Supp. 44, 46 (S.D. Ohio 1985) (internal citations omitted).  In Central Trust, the defendant waited until fifteen months after the commencement of the suit and nearly three months after the postponement of the initial trial date to assert its right to arbitration.  Id.  The defendant had already filed responsive pleadings, conducted discovery, and participated in a final pretrial conference.  Id.  Noting that "[t]o treat defendant's conduct as anything but a waiver of its right to arbitration would prejudice plaintiff by unduly delaying adjudication of its

claim and exposing it to expenses and discovery not available in the arbitration proceedings," the court held that the defendant had waived its right to arbitration. Id. Thus, while the court stated in dicta that the filing of a responsive pleading would constitute a waiver, the court did not base its holding solely on this fact. Instead, the court considered all of the relevant facts, including, most importantly, the defendant's substantial participation in the suit and the potential prejudice that would befall the plaintiff were the court to hold that the defendant had a right to seek arbitration. See Mantaline, No. 97-4473, 2000 WL 799337, at *5 ("Prejudice to the opposing party is a significant factor in this determination. [The plaintiff] cites [Central Trust] for the proposition that filing a responsive pleading constitutes waiver. Central Trust, however, suggests that it is 'substantial participation in litigation' that is productive of the prejudice to an opposing party that warrants waiver." (internal citations omitted)).

Plaintiff also relies on Uwaydah, 246 F. Supp. 2d at 808. In that case, the plaintiff waited eighteen months after initiating suit to seek an order staying the case or compelling arbitration of the defendant's counterclaims. Id. at 809. During that eighteen months, the plaintiff had filed an amended complaint, engaged in extensive discovery involving at least three discovery conferences, and used discovery methods not available in arbitration. Id at 809-10. Also during that period, the court had issued two discovery orders regarding confidential documents and ruled on a motion for partial summary judgment. Id. The court denied the plaintiff's motion to stay the suit, noting that the case was "on the brink of resolution either by dispositive motion or trial" and that, had the plaintiff not moved to stay the case, he would have had to file a response to the defendant's pending motion for summary judgment. Id. at 810-11.

In the instant case, there are no pending dispositive motions and trial remains eight

11

months away.  Thus, while Defendant waited approximately eight months to assert its right to

arbitration, Defendant's delay is not as lengthy as occurred in <u>Central Trust</u> or <u>Uwaydah</u>.

Moreover, though Defendant removed this case to federal court,[4] filed an answer, and engaged in

discovery, Defendant's actions do not rise to the level of substantial participation in litigation

described above.  There are no pending motions for summary judgment in this case and trial

remains approximately eight months away.  Plaintiff alleges that Defendant engaged in extensive

discovery; however, the facts show otherwise.  It appears Defendant has engaged in little

discovery aside from propounding a set of interrogatories and document requests.  Defendant has

neither taken nor scheduled any depositions.  To the contrary, Plaintiff has taken at least one

deposition, propounded two sets of interrogatories and document requests, and has received

thousands of documents in response to her own document request.  In other words, Plaintiff has

initiated the majority of the discovery in this case.

  This cases stands apart from many of the cases in which courts have held that a party

waived its right to arbitration in that those cases typically involve substantially higher levels of

participation.  See <u>Lerchen v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, No. 86-1158, 1987

WL 37285, at *1 (6th Cir. May 7, 1987) (holding that the defendants waived their right to

arbitration because they had engaged in discovery procedures unavailable in arbitration

proceedings, participated in a final pretrial conference, participated in the selection of a jury

---

  [4] Plaintiff does not cite Defendant's removal of the case to federal court as a basis for
waiver.  The Sixth Circuit has noted that the "mere removal of a case to federal court, and
nothing more, does not constitute waiver of a defendant's right to arbitration."  <u>Dantz v.
American Apple Group, LLC.</u>, 123 Fed. Appx. 702, 707 (6th Cir. 2005). Though removal alone
is not sufficient to constitute waiver, the Court may consider Defendant's removal of this suit
along with Defendant's other actions, such as filing an answer and participating in discovery.

panel, brought a Motion in Limine for which the Court held an oral hearing, brought emergency

motions to compel discovery, and were on notice that trial was imminent); American

Locomotive Co. v Chemical Research Corp., 171 F2d 115 (6th Cir. 1948) (finding the defendant

waived its right to arbitration where the defendant waited seven years to move for a stay of the

plaintiff's suit, during which time the defendant filed an answer, counterclaim, and many

motions and also engaged in expensive discovery proceedings); Gibson Guitar Corp. v. Elderly

Instruments, Inc., No. 3:05-0523, 2006 WL 3316971, at *2 (6th Cir. Nov. 14, 2006) (finding that

the defendant waived its right to seek arbitration where the defendant attended case management

conferences, agreed to scheduling orders, filed counterclaims and motions, participated in

substantial discovery, including the  taking of depositions, and moved for summary judgment in

its favor); see also Drexel Burnham Lambert, Inc. v. Mancino, No. 91-3213, 1991 WL 270809,

at *3 (6th Cir. Dec. 19, 1991) (finding that a delay of sixth months in asserting a right to

arbitration does not amount to a waiver); Siam Feather & Forest Products Co., Inc. v. Midwest

Feather Co., Inc., 503 F. Supp. 239, 243 (S.D. Ohio 1980) ("[A] party may file an answer to a

complaint or even file an answer and a counterclaim without waiving its right to arbitration.").

    Because Defendant does not appear to have taken substantial steps inconsistent with its

right to seek arbitration, the prejudice factor takes on increased importance in this case.  Plaintiff

alleges she will suffer prejudice because she will have to start the discovery process again, may

have to litigate her claims in two separate forums, and would have to assume new expenses

associated with arbitration.  The risks of prejudice that courts have traditionally considered in

this context include prejudice that "may result from lost evidence, duplication of efforts, use of

discovery methods unavailable in arbitration, or litigation of substantial issues going to the

merits." Pritchard, 275 F. Supp. at 917 (quoting Stifel, Nicolaus & Co. v. Freeman, 924 F.2d 157, 159 (8th Cir. 1991)).  No litigation on the merits has occurred in this case and the dispositive motion deadline is months away.  Plaintiff has not pointed to the risk of lost evidence or duplication of efforts.  Plaintiff alleges that if forced to arbitrate her claims, the discovery process will begin anew.  However, there is no indication that Plaintiff would be unable to utilize the bulk of the discovery materials she has already received in this case.  While there may be some duplication in the arbitration proceeding, Plaintiff has not shown that it would prejudice her to the extent necessary for the Court to find waiver.  Finally, Plaintiff does not allege that Defendant has availed itself of any discovery methods that would not be available in arbitration and that would result in prejudice to Plaintiff.

As to the possibility that Plaintiff might have to litigate her claims in two separate forums, Plaintiff cites to no precedent showing that the necessity of litigating claims in separate forums amounts to prejudice in the waiver context.  In any case, Defendant's actions in this suit did not cause this possibility.  In signing the Letter Agreement, Plaintiff agreed to arbitrate certain claims.  The claims she asserts in the instant case either do or do not fall within the scope of that agreement.  Defendant's delay in seeking arbitration has not changed this fact.  The same is true with regard to any fees or costs Plaintiff might assume in submitting her case to arbitration.  Plaintiff agreed to these costs by agreeing to submit claims arising out of her termination to binding arbitration under the current rules of the American Arbitration Association.

The only real prejudice Plaintiff can show is that she has already assumed costs by litigating her claims in the instant forum for eight months.  However, courts have noted that,

14

without more, pretrial expense and delay are insufficient to demonstrate prejudice.  See Systran

Fin. Servs. Corp., 252 F. Supp. 2d at 508; Leadertex, Inc. v. Morganton Dyeing & Finishing

Corp., 67 F.3d 20, 26 (2d Cir. 1995) ("[P]retrial expense and delay-unfortunately inherent in

litigation-without more, do not constitute prejudice sufficient to support a finding of waiver.").

Accordingly, because Plaintiff fails to demonstrate prejudice and because Defendant's acts in

this suit were not substantially inconsistent with its right to arbitration, the Court finds that

Defendant has not waived its right to arbitration.

**B.      Scope of Arbitration Agreement**

The Court now turns to the merits of Defendant's motion.  As stated above, the Court

must make four threshold determinations in considering Defendant's motion to stay this suit: (1)

whether the parties agreed to arbitrate; (2) the scope of the agreement; (3) whether Congress

intended for any federal statutory claims asserted to be nonarbitrable; and (4) if only some

claims are arbitrable, whether to stay the remainder of the action pending arbitration.  See Fazio,

340 F.3d at 392.  Plaintiff does not dispute that she agreed to arbitrate certain claims related to

her termination.  Plaintiff brings her wrongful termination and failure to promote claims under

state statute rather than federal statute.  Even if Plaintiff had raised her claims under an

analogous federal statute, the Sixth Circuit has recognized that such claims are arbitrable.  See,

e.g., Cooper v. MRM Investment Co., 367 F.3d 493, 506 (6th Cir. 2004).  With regard to the

scope of the arbitration agreement, Plaintiff does not dispute that the agreement covers her

wrongful termination claim, but argues that her failure to promote claim lies outside the reach of

the agreement.

The Sixth Circuit has consistently found that "any duty to arbitrate is founded on a

15

contractual obligation," and that as a result, "a party may not be compelled to arbitrate unless the party has agreed to submit the dispute to arbitration." Aspero v. Shearson American Exp., Inc., 768 F.2d 106, 107 (6th Cir. 1985). At the same time, it recognizes that federal policy favors arbitration and follows the general rule that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. (citing Moses H. Cone Memorial Hosp., 460 U.S. at 25).

The arbitration clause that the parties agreed to in this case states, "In the unlikely event of a dispute *concerning the termination of your employment*, you and the Company agree to submit the matter to binding arbitration under the then current rules of the American Arbitration Association." (Pethtel Aff. ex. A at 2 (emphasis added).) The clause is narrowly focused on disputes concerning Plaintiff's termination. Defendant argues that Plaintiff's failure to promote claim is sufficiently related to Plaintiff's termination that it falls within the scope of the agreement. However, the factual allegations contained in Plaintiff's Complaint show that her failure to promote claim pertains to events that occurred several months prior to her termination. (See Doc. 2.) Specifically, Plaintiff alleges that she was promoted twice in 2004, and that in August 2004, after she notified Defendant that she was pregnant, Defendant revoked the second promotion and placed her on a performance improvement plan. Plaintiff was not terminated until February 2005. Though Plaintiff alleges that all of those actions resulted from Defendant discriminating against her on the basis of sex, her failure to promote claim is separate and distinct from her termination claim. The Court cannot fairly say that Plaintiff's claim regarding Defendant's act of revoking her promotion amounts to a dispute concerning her termination. Accordingly, the Court finds that Plaintiff's failure to promote claim is not subject to the party's

16

arbitration agreement.  Nonetheless, the Court also finds that because the two claims are related by the common element of Plaintiff's allegations of discrimination on the basis of sex, the Court finds it in the interests of justice to stay the resolution of Plaintiff's failure to promote claim pending arbitration of Plaintiff's wrongful termination claim.

**IV.     CONCLUSION**

For the reasons stated above, the Court finds that Plaintiff's wrongful termination claim is subject to a valid arbitration agreement, and **GRANTS** Defendant's Motion to Stay Litigation pending arbitration of that claim.

IT IS SO ORDERED.


_____s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge